## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Jill Fox | : | |
| 562 Westphal Avenue | : | |
| Columbus, Ohio 43213 | : | |
| | : | Civil Action No. 2:18-cv-22 |
| Plaintiff, | : | |
| | : | JUDGE |
| v. | : | |
| | : | MAGISTRATE JUDGE |
| Surge Staffing, LLC | : | |
| 1110 Morse Road | : | **Jury Demand Endorsed Hereon** |
| Columbus, Ohio 43229 | : | |
| | : | |
| -and | : | |
| | : | |
| Surgeforce, LLC | : | |
| dba Surgeforce Group | : | |
| 1110 Morse Road | : | |
| Columbus, Ohio 43229 | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

NOW COMES Plaintiff Jill Fox ("Plaintiff") for her complaint against Defendants Surge Staffing, LLC ("Defendant Surge Staffing") and Surgeforce, LLC ("Defendant Surgeforce") (collectively, "Defendants"), hereby states as follows:

### I.      JURISDICTION AND VENUE

1.      This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., the Ohio Minimum Fair Wage Standards Act, R.C. Chapter 4111 ("the Ohio Wage Act"), the Ohio Prompt Pay Act, R.C. § 4113.15 ("OPPA"), and 28 U.S.C. §1331.

2.      This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

3.     Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendants in the Southern District of Ohio and Defendants have jointly done substantial business in the Southern District of Ohio and have their headquarters in the Southern District of Ohio.

## II.    NATURE OF THIS ACTION

4.     This lawsuit seeks to recover overtime compensation for Plaintiff who was jointly employed as an employee relations specialist for Defendants at all times relevant here pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.

5.     At all times relevant herein, Plaintiff was jointly employed by Defendants as an employee relations specialist from approximately May of 2017 until October of 2017.

6.     Defendants jointly own and operate a temporary employment and/or staffing company in Columbus, Ohio.

7.     At all times relevant here, Defendants jointly employed Plaintiff to this suit as an employee relations specialist to perform non-exempt duties for Defendants at their corporate office.

8.     At all times relevant here, Defendants jointly misclassified Plaintiff as exempt from federal and state overtime provisions and/or otherwise failed to pay her any overtime wages as required.

9.     Instead, Defendants jointly paid Plaintiff a "salary" only if she worked at least forty (40) hours in a workweek. However, Plaintiff's "salary" was not a predetermined amount as it was subject to reduction because of variations in quality or quantity of work performed. Defendants tracked all of Plaintiff's hours worked, but they subtracted Plaintiff's hours worked when she worked in excess of forty (40) hours in a workweek. Defendants did not pay Plaintiff a "salary" if

she worked less than forty (40) hours per week; rather, Defendants paid her for only those hours worked at her regular hourly rate of pay.

10. At all times relevant here, Defendants jointly did not pay Plaintiff one and one-half times her regular hourly rate for hours worked over (40) hours per week.

11. Plaintiff's primary duties do not fall under any of the exemptions under federal or state overtime laws.

12. Defendants regularly jointly required Plaintiff to work in excess of forty (40) hours per week. However, Defendants jointly failed to pay Plaintiff one and one-half times her regular hourly rates for these hours worked over forty (40) in a workweek.

13. By the conduct described in this Complaint, Defendants have jointly violated the FLSA by failing to pay Plaintiff overtime wages she earned and to which she is entitled by law by misclassifying her as exempt when she was non-exempt.

## III.   PARTIES

### a.  Plaintiff Fox

14. Plaintiff Jill Fox ("Plaintiff" or "Plaintiff Fox") is a resident of the State of Ohio.

15. Plaintiff started working for Defendants as an employee relations specialist in or around May of 2017.

16. When she began working as an employee relations specialist, Plaintiff was jointly misclassified by Defendants as exempt from overtime pay.

17. Plaintiff is a covered employee within the meaning of the FLSA.

18. Plaintiff's pay rate was $17.79 per hour. Plaintiff regularly worked over 40 hours per week.

### b. Defendants

19.     Defendant Surge Staffing, LLC ("Defendant Surge Staffing") is a foreign limited liability company registered under the laws of Alabama with its principal place of business in the Southern District of Ohio. Defendant Surge Staffing jointly operates jointly owns and operates a temporary employment and/or staffing company with its headquarters located at 1110 Morse Road, Columbus, Ohio, 43229.

20.     Defendant Surgeforce, LLC ("Defendant Surgeforce") dba Surgeforce Group is a domestic limited liability company with its principal place of business in the Southern District of Ohio. Defendant Surgeforce jointly operates jointly owns and operates a temporary employment and/or staffing company with its headquarters located at 1110 Morse Road, Columbus, Ohio, 43229.

21.     Defendants jointly are and have been an "employer" as that term is defined by the FLSA, the Ohio Acts, and Ohio Constitution Art. 2 §34a.

22.     During relevant times, Defendants jointly maintained control, oversight, and direction over Plaintiff, including the promulgation and enforcement of policies affecting the payment of wages, including overtime compensation.

23.     During relevant times, Defendants have mutually benefitted from the work performed by Plaintiff.

24.     During relevant times, Defendants did not act independently of each other and have not been completely disassociated with respect to the work of Plaintiff.

25.     During relevant times, Defendants shared the services of Plaintiff.

26.     During relevant times, Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff.

27. During relevant times, Defendants are and have been jointly involved in the operational decisions of each other.

28. During relevant times, Defendants have been jointly involved in the employment decisions of each other, including, but not limited to decisions about their wage and hour policies and practices that affected Plaintiff.

29. Upon information and belief, Defendants jointly operate and control an enterprise and employ employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendants have had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

30. During relevant times, Defendants suffered and permitted Plaintiff to work more than forty (40) hours per workweek, while not compensating her for all such hours worked over forty (40) at a rate of at least one and one-half times her regular rate of pay.

31. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio as well as record keeping laws of the State of Ohio.

32. During relevant times, Defendants had knowledge of and acted willfully in regard to their conduct described herein.

33. Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

## IV.    FACTUAL BACKGROUND

34.    As part of their regular business practice, Defendants jointly have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff.  This policy and pattern or practice includes, but is not limited to:

>   a.   willfully failing to pay Plaintiff overtime wages for hours that she worked in excess of 40 hours per workweek; and/or
>
>   b.   willfully misclassifying Plaintiff as exempt from the protections of the FLSA.

35.    Throughout her employment with Defendants as an employee relations specialist, Plaintiff consistently worked more than 40 hours per week.

36.     Throughout her employment with Defendants as an employee relations specialist, Plaintiff primary duties were non-exempt. Plaintiff was responsible for answering phones, putting together new hire packets, and assisting Brenda Tayim, Defendants' HR Manager, as directed.

37.    Plaintiff was not paid on a salary or fee basis.

38.    Plaintiff's primary duty was not management.

39.    Plaintiff did not have the discretion or authority to make any decisions with respect to matters of significance and was required to follow the policies, practices, and procedures jointly set by Defendants.

40.    Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, she was not an "executive," "administrative," or "professional" employee, as those terms are defined under the FLSA.  See 29 C.F.R. §§ 541.0, et seq.

41.    Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, she was not "learned professional" employees, as that term is defined under the FLSA.  See 29 CFR § 541.301.

42. Defendants were aware that Plaintiff worked more than 40 hours per workweek during this time, yet Defendants failed to pay her any overtime compensation for any of the hours worked over 40 in a workweek.

## V. CAUSES OF ACTION

<u>**FIRST CAUSE OF ACTION**</u>
**FLSA –UNPAID OVERTIME**

43. All of the preceding paragraphs are realleged as if fully rewritten herein.

44. Defendants have jointly violated the FLSA as described in this Complaint.

45. At all relevant times, Plaintiff was engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

46. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendants.

47. Defendants are each an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

48. At all times relevant, Plaintiff was an employee of each Defendant within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

49. At all relevant times, the job duties of Plaintiff primarily consisted of non-exempt duties.

50. Plaintiff was not paid on a salary or fee basis.

51. Defendants have jointly failed to pay Plaintiff the overtime wages to which she was entitled under the FLSA because she was misclassified as an exempt employee.

52. Plaintiff routinely worked in excess of forty (40) hours per week.

53.     Plaintiff should have been paid the overtime premium for hours worked in excess of forty (40) hours per week but was not.

54.     Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional. Defendants have failed to make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

55.     Defendants' joint violations of the FLSA were willful.

56.     As a result of Defendants' willful and joint violations of the FLSA, Plaintiff has suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq*.

57.     As a result of the unlawful acts of Defendants, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### R.C. 4111.03 – UNPAID OVERTIME

58.     All of the preceding paragraphs are realleged as if fully rewritten herein

59.     This claim is brought under Ohio Law.

60.     The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek.  See R.C. §§ 4111 et seq., See also, 29 U.S.C §206(b)

61.     The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938.  See R. C. § 4111.03 (A), See also, 29 U.S.C. § 207 (a)(1).

62.     Plaintiff was a covered employee entitled to the Ohio Wage Act's protections

63.     Plaintiff was not exempt from receiving Ohio Wage Act overtime benefits because Plaintiff was not an exempt "executive," "administrative," or "professional" employee, as those terms are defined under the FLSA.  See R.C. 4111.03(A), See also 29 C.F.R. §§ 541.0, et seq.

64.     Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, Plaintiff was not a "learned professional" employee, as that term is defined under the FLSA. *See* 29 CFR §541.301.

65.     Defendants are each a covered employer required to comply with the Ohio Wage Act's mandates.

66.     Defendants jointly violated the Ohio Wage Act with respect to Plaintiff by failing to compensate her at the rate of one and one-half times her regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

67.     In violating the Ohio Wage Act, Defendants jointly acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

68.     For Defendants' violations of the Ohio Wage Act, Plaintiff has suffered damages. Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

## THIRD CAUSE OF ACTION
## R.C. 4113.15 —OPPA VIOLATION

69.     All of the preceding paragraphs are realleged as if fully rewritten herein.

70.     During relevant times, Defendants were jointly covered by the OPPA and Plaintiff was jointly employed by Defendants within the meaning of the OPPA.

71. The OPPA requires Defendants to pay Plaintiff all wages, including unpaid overtime, on or before the first day of each month, for wages earned by her during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by her during the last half of the preceding calendar month. *See* R.C. § 4113.15(A).

72. During relevant times, Plaintiff was not paid all wages, including overtime wages at one and one-half times her regular rate within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

73. Plaintiff's unpaid wages remain unpaid for more than thirty (30) days beyond her regularly scheduled payday.

74. In violating the OPPA, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law, and their actions entitle Plaintiff to liquidated damages in the amount of six percent of the amount of the unpaid overtime compensation owed or two hundred dollars, whichever is greater.

## VI.    PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff requests judgment against the Defendants for an Order:

A. Finding that Defendants have failed to keep accurate records in accordance with the FLSA and Ohio law, Plaintiff is entitled to prove her hours worked with reasonable estimates;

B. Awarding Plaintiff unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

C. Awarding Plaintiff unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

D.      Awarding Plaintiff costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

E.      Awarding Plaintiff such other and further relief as the Court deems just and proper;

F.      Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of the FLSA and Ohio Law;

G.      Granting Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

H.      Rendering a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
**COFFMAN LEGAL, LLC**
1457 S. High St.
Columbus, Ohio 43207
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

Peter Contreras (0087530)
**CONTRERAS LAW, LLC**
PO Box 215
Amlin, Ohio 43002
Phone: 614-787-4878
Fax: 614-923-7369
Email: peter.contreras@contrerasfirm.com

*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff requests a trial by a jury of eight (8) persons.


*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman